UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
RYAN RAMNARINE,

                    Plaintiff,

         - against -

HEATHER A. JOHNSON, ESQ., STEVEN J.
BAUM, P.C., and U.S. BANK,

                    Defendants.
---------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-5544 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On October 1, 2019, Plaintiff Ryan Ramnarine, appearing *pro se,* filed this fee-paid complaint alleging that Defendants wrongfully foreclosed on Plaintiff's home, located at 8940 210 Place, Queens Village, New York ("the Property"). For the reasons set forth below, Plaintiff's claims are dismissed for lack of subject-matter jurisdiction, but he is granted leave to amend his complaint within thirty (30) days.

## BACKGROUND

Plaintiff alleges that in December 2005, he purchased the Property and took out a mortgage loan in the approximate amount of $561,000 with Lehman Brothers Bank FSB.[1] (Complaint ("Compl."), Dkt. 1, at ECF[2] 6.) Thereafter, from "December 2005 and continuing until April of 2009[,] the plaintiff[] made timely payments to (Aurora loan services and GMAC loan services)." (*Id.* at 12.) "In early 2009, Lehman Brothers Bank FSB claimed th[at] plaintiff was behind on

---

[1] "At the pleadings stage of a case, the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint.'" *Durant v. N.Y.C. Housing Auth.*, No. 12-CV-937 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

payments and hired [a] [f]oreclosure attorney to file a foreclosure claim against the plaintiff." (*Id.*) On August 6, 2009, the property was foreclosed on, even though Plaintiff was never served any papers. (*Id.*) Plaintiff asks this Court, *inter alia*, to "[v]oid the foreclosure sale process" and award him $5.5 million in compensatory and punitive damages. (*Id.* at 14.)

## LEGAL STANDARD

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citation omitted). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and citation omitted).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); *see also* Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).

## DISCUSSION

**I. Subject Matter Jurisdiction**

The Court concludes that it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. The principle, growing out of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), holds that federal district courts lack subject matter jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005).

In *Hoblock v. Albany County Board of Elections*, 422 F.3d 77 (2d Cir. 2005), the Second Circuit clarified the four requirements for application of the *Rooker-Feldman* doctrine:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced—*i.e.*, *Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

*Id.* at 85 (internal quotations and brackets omitted). Each of these conditions is met in this case. First, Plaintiff—a defendant in the foreclosure action—lost in state court when the judgment of foreclosure was entered. (*See* Compl., Dkt. 1, at ECF 12 (noting that "[o]n August 6, 2009, the property was foreclosed on" and that the "foreclosure was GRANTED BY THE COURT within two weeks").) Second, Plaintiff's injury, *i.e.*, loss of legal rights in the Property, was caused by the state-court judgment. (*See id.* at ECF 10–12.) Third, Plaintiff requests that this Court review the foreclosure action and overturn the judgment. (*See id.* at ECF 14 (asking this Court to "[v]oid the foreclosure sale process that started on August 2009 [] based on the attorney's fraudulent misconduct"); *see also id.* at ECF 1 (noting that Plaintiff is filing his civil lawsuit for "wrongful

foreclosure").) Fourth, Plaintiff himself states that the "foreclosure sale process" began in August of 2009 and that the state court granted foreclosure within two weeks (*id.* at ECF 12, 14)—well before Plaintiff filed the instant lawsuit in federal court. For these reasons, *Rooker-Feldman* applies, and this Court lacks jurisdiction to overturn the state court judgment of foreclosure. *See Murphy v. Riso*, No. 11-CV-873 (JFB) (ARL), 2012 WL 94551, at *6 (E.D.N.Y. Jan. 12, 2012) ("[N]umerous courts in this Court [] have consistently held that attacks on a judgment of foreclosure are barred by the *Rooker-Feldman* doctrine.") (collecting cases).

Plaintiff's reference to various federal and state laws, such as RICO, the New York Consumer Protection Act, the Truth in Lending Act ("TILA"), "slander of credit" and "slander of title" (*see* Compl., Dkt. 1, at ECF 7, 9–11) do not affect this analysis.[3] "To the extent [Plaintiff] asks [this Court] to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [his] claim." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014); *see also Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 166 (E.D.N.Y. 2010) ("The Circuit clarified that there is no blanket fraud exception to *Rooker-Feldman*.") (internal quotations and citation omitted), *aff'd*, 446 F. App'x 360 (2d Cir. 2011) (summary order); *Webster v. Wells Fargo Bank, N.A.*, No. 08-CV-10145 (LAP), 2009 WL 5178654, at *6 (S.D.N.Y. Dec. 23, 2009) ("Thus, although [the p]laintiffs' legal theory sounds in

---

[3] Plaintiff also refers to §§ 1983, 1985, and 1986. (Compl., Dkt. 1, at ECF 4.) However, since Plaintiff has not alleged that Defendants acted under color of state law, entered into a conspiracy, or had knowledge "that any of the wrongs conspired to be done . . . are about to be committed," 42 U.S.C. § 1986, Plaintiff has failed to state a claim under these sections. *See Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (maintaining a § 1983 action requires that "(1) the conduct complained of [was] committed by a person under color of state law; and (2) the conduct complained of . . . deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States"); *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotations and citation omitted).

fraud, the harm they seek to remedy is in fact the New York Supreme Court's judgment permitting foreclosure to proceed."); *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) (finding that subject matter jurisdiction did not exist under *Rooker-Feldman* to adjudicate plaintiffs' RICO and constitutional claims because plaintiffs asked the court "to review the state court's judgment of foreclosure and eviction, by seeking damages for the loss of their property").

## II. Leave to Amend

The Second Circuit has made clear that district courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Though the Court lacks subject-matter jurisdiction to review a state-court judgment, it can consider "claims sounding under the [Fair Debt Collection Practices Act], RICO, and state law" because such claims "speak not to the propriety of the state court judgments, but to the fraudulent course of conduct that defendants pursued in obtaining such judgments." *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94–95 (2d Cir. 2015); *see also Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 92 (2d Cir. 2012) (summary order) (finding that claims of "alleged litigation misconduct [that were] not the product of the state court's . . . judgment of strict foreclosure, or any other decision rendered, but rather, [] simply ratified, acquiesced in, or left unpunished by the state court judgment" were not barred by *Rooker-Feldman*) (internal quotations, brackets, and citations omitted). Given that Plaintiff broadly alleges that Defendants engaged in fraudulent conduct (*see, e.g.*, Compl., Dkt. 1, at ECF 14 (noting that the foreclosure sale process was based on "attorney's fraudulent misconduct")), the Court finds that Plaintiff might be able to state a valid claim under federal statutes, such as the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, that proscribe such conduct when collecting a debt.

5

Accordingly, the Court grants Plaintiff thirty (30) days to file an amended complaint. If Plaintiff has a genuine basis to believe that Defendants' actions in collecting Plaintiff's debt and/or in the state foreclosure proceeding violated relevant federal law, such as under the Fair Debt Collection Practices Act, he should plead specific facts that would support that belief. Plaintiff is warned that he may not seek to undo the foreclosure ordered by the state court; rather, he should only allege injuries related to any "fraudulent course of conduct" he believes, in good faith, that Defendants have engaged in.

## CONCLUSION

Accordingly, the instant *pro se* complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). *See Fitzgerald*, 221 F.3d at 363. Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). As stated above, Plaintiff is granted thirty (30) days to file an amended complaint. Plaintiff is advised that the amended complaint will completely replace the complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Memorandum and Order. All further proceedings shall be stayed for 30 days or until further Order of the Court. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 21, 2019
      Brooklyn, New York